ORDER
This case came before the duty justice on October 3, 2012, pursuant to a petition for a writ of certiorari and an emergency motion for expedited consideration. The petitioner, Carlos Tobon (petitioner), requests this Court to order a manual recount of all precinct, mail, and provisional ballots cast in the House District 58 Democratic Primary Election (Election) and an audit of all mail and provisional ballots cast in the Election to determine the qualification of each voter submitting those ballots.
The full Court in conference considered the petition for writ of certiorari and the memoranda submitted in opposition thereto by the respondents Rhode Island Board of Elections (Board) and Representative William San Bento, Jr. (Rep. San Bento) (collectively, respondents), as well as the transcript of the hearing before the Board. A majority of the justices have determined that the petition be denied.
The Election took place on Tuesday, September 11, 2012. The vote tally at the end of that day showed Rep. San Bento was leading by three votes, 543 to 540. The petitioner requested a recount, which was conducted by optical scan voting equipment, in accordance with G.L.1956 § 17-19-37.1, on September 17, 2012. This first recount produced a tie between petitioner and Rep. San Bento, causing the Board to perform two more recounts, in like manner, the results of which can be found in the following chart:

2nd Recount 3rd Recount Election Day 1st Recount

San Bento ^ LO LQ LO CO LO Ol CO
Tobon CO LO CO LO CO LO OI O
Total 1083 1086 1088 1087
As is apparent from the above chart, none of the four vote tallies was the same.
The petitioner then requested a manual recount of all ballots cast in the Election. The Board held a hearing on that request on September 19, 2012. At the end of that hearing, the Board voted to deny the request for a manual recount. The record of that proceeding was provided to petitioner on September 27, 2012, and this petition for writ of certiorari was filed on October 1, 2012.
At the outset, we address an issue of timeliness. The respondents urge us to deny the writ based on petitioner’s purported delay in filing his petition. The respondents assert that petitioner waited until October 1, 2012-twelve days after the Board voted to deny petitioner’s request for a manual recount-before he filed this petition. However, it is undisputed that the transcript reflecting the decision of the Board was not available to petitioner until September 27, 2012. Because the Board *906 failed to issue a written order or decree denying petitioner’s request for a manual recount, the transcript of the proceedings before the Board represented the functional equivalent of a final decree from which relief in this Court may be sought. We therefore are satisfied that the petition is not untimely, nor did petitioner delay any filing in this Court.
The petitioner raises several issues in his petition, including a challenge to certain mail ballots cast in the Election. He contends that the mail ballot of a registered Republican was improperly counted and that the mail ballot of another voter was improperly voided. However, § 17-20 — 26(a)(Z )(ii) provides that mail ballots are certified by the Board “[b]eginning fourteen (14) days prior to and continuing on election day.” All candidates are to be given notice of the day on which the mail ballots for those candidates’ districts will be certified, id § 17-20-26(a)(2), and an opportunity “to witness the processing and certification of the ballots,” § 17 — 20—26(b). “If upon completion of the certification of a mail ballot no objection has been raised against the certification of the ballot, the outer envelope shall be discarded!,]” § 17-20 — 26(d), and the Board will count that mail ballot on election day, § 17-20-26(f).
An objection to the approval or exclusion of any mail ballot must be raised at the time the ballot is certified. Because this did not occur, this issue is not properly before this Court.[1]
Turning to the crux of the relief sought by petitioner-the manual recount of all ballots cast in the Election-it is the decision of a majority of this Court that § 17-19-37.1 precludes us from ordering a manual recount. That statute sets forth the requirements and procedures for recounts in elections to public office. In specified circumstances, it provides for “a manual re-feeding of the computer ballots cast * * * into the optical scan voting equipment.” Section 17-19-37.1(1). Nowhere does the statute provide for a manual recount conducted other than by re-feeding the ballots into the vote-counting machine. Significantly, while an earlier version of this statute contained a provision that allowed for manual recounts, the most recent iteration of this statute eliminated that provision. See P.L.2004, ch. 483, § 1; P.L.2004, ch. 264, § 1; P.L.1996, ch. 298, § 2; P.L.1996, ch. 277, § 2. As this Court noted recently, “[i]t is not our role to contort the language of an unambiguous statute in order to include within its reach a situation which it plainly does not encompass.” Olamuyiwa v. Zebra Atlantek, Inc., 45 A.3d 527, 536 (R.I.2012).
The majority’s decision is consistent with a previous order decided after § 17-19-37.1 was last amended, in which we directed the Board to conduct a recount of all ballots.[2] See Alves v. Board of Elections, No. 08-236-M.P. (R.I. Oct. 2, 2008) (order granting stay); cf. Larisa v. Board of Elections, 911 A.2d 278 (R.I.2006) (mem.) (declining to stay an order preliminarily enjoining the Board “to provide access to Plaintiff * * * to copies of any and all ballots rejected by the Optech computer reader”). The operative language in Alves, No. 08-236-M.P., stated: “The Board is directed to recount all ballots (including precinct, mail, and provisional) cast * * *. In conducting the recount, the Board shall, whenever possible, determine *907 voter intent with respect to any and all ballots rejected by the machine.” (Emphasis in original.) As this language makes clear, while we directed a recount in Alves, we never required a manual recount of all ballots. In fact, the word ‘manual’ does not appear in that order. Our order in Alves contemplated a determination of voter intent, i.e. a manual recount, only with respect to those ballots which were rejected by the machine during the recount.
Here, the petitioner has already requested and received the relief specified in § 17-19-37.1 and in our prior order in Alves : a manual re-feeding of ballots and a manual recount of those ballots rejected by the machine. Any further relief would contradict both the express mandate of the legislature and prior orders of this Court. Accordingly, the petition for writ of certio-rari is hereby denied.

. Although the parties initially disputed the count of the provisional ballots, that matter has been resolved to the satisfaction of all parties.

. While we do not customarily cite to our unpublished orders, we do so here because the parties relied upon that order in briefs submitted to this Court and on the record before the Board without objection.